UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:14-CR-84-GNS-1

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.

ROBERT KAISER                                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court to determine the amount of restitution Defendant Robert Kaiser owes pursuant to the criminal judgment against him rendered on January 25, 2016. The issue has been fully briefed and is ripe for a decision.

### I.    SUMMARY OF FACTS AND CLAIMS

On September 4, 2014, a grand jury sitting in this district returned an indictment charging Defendant Robert Kaiser ("Kaiser") with eleven counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of "execut[ing] and attempt[ing] to execute a scheme and artifice to defraud Fifth Third Bank, a federally insured financial institution" in violation of 18 U.S.C. § 1344. (Indictment, DN 1). Kaiser was an employee of C&M Services of Kentucky, Inc. ("C&M"), and stole from C&M by fraudulently transferring C&M funds to pay his personal credit cards and unauthorized personal expenditures. (Indictment 1). On October 8, 2015, Kaiser entered guilty pleas to all counts of the indictment without a plea agreement. (Order, DN 31). The Court sentenced him on January 25, 2016, to 60 months of imprisonment on each count to run concurrently. (J. 3, DN 40).  During the sentencing hearing, the Court heard testimony on the

amount of restitution owed and ordered the parties to brief the issue following the hearing. The issue having been fully briefed, the matter is now ripe for adjudication.

## II. DISCUSSION

The Court must order restitution in this matter as Kaiser has pleaded guilty to an offense against property under Title 18 of the United States Code. 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii). "Restitution is limited to losses caused by the specific conduct that is the basis of the offense of conviction." *Ratliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993) (citation omitted). The amount of restitution, however, does not need to "be proven with exactitude." *In re Sealed Case*, 702 F.3d 59, 66 (D.C. Cir. 2012). "[D]etermining the dollar amount of a victim's losses attributable to the defendant will often be difficult and such a determination will inevitably involve some degree of approximation, which is not fatal." *Id.* (internal quotation marks omitted) (quoting *United States v. Monzel*, 641 F.3d 528, 540 (D.C. Cir. 2011)).

The amount of claimed restitution in this matter encompasses a number of categories of alleged loss: (1) general corporate funds misappropriated by Kaiser; (2) payments to Kaiser's personal credit cards with corporate funds; (3) compensation and bonuses earned or given to Kaiser from 2006 to 2012; (4) a miscellaneous category including laundry, carpet, and moving expenses; (5) funds infused by the owners of C&M; and (6) the increase in the credit limit on a C&M loan from Fifth Third Bank. (*See* Pl.'s Sentencing Mem. Ex. 1, DN 36-1). Such amounts must be offset by any amounts that Kaiser has already repaid.

Two of these categories will not be included in Kaiser's restitution obligation: the funds infused by the owners of C&M and the increase in the credit limit of the Fifth Third Bank loan. The funds infused by the owners of C&M are not an appropriate element of restitution. Including this amount would require Kaiser to pay twice for the money he stole, *i.e.*, first for the money he

took from C&M and again for money the owners infused into the business to replace the stolen money. Capital infusion, however, also covered business losses caused by a downturn in business and increased competition, for which Kaiser cannot be criminally responsible. During the January 25, 2016, sentencing hearing, the forensic accountant hired by C&M, Drew Chambers ("Chambers"), conceded that he could not determine what amount of funds infused by the owners constituted replenishment of the amount misappropriated by Kaiser or funds needed to keep the business running after suffering a downturn in business. Accordingly, funds infused by the owners of C&M will not be included in the amount of restitution Kaiser is ordered to pay.

Similarly, the increase in the credit limit from Fifth Third Bank to C&M will also not be included in Kaiser's restitution amount. During the hearing on January 25, 2016, Charles Horn Jr. ("Horn"), one of the owners of C&M, testified that he participated in securing the additional credit and signed guarantees for the credit. This claimed element of restitution is just like the capital infusion discussed above. Absent a specific showing of improper disbursement to Kaiser from the line of credit, Kaiser cannot be required to repay legitimate indebtedness on the part of C&M. Accordingly, the Court will not include the $1,215,000 the United States seeks for the increase in C&M's line of credit from Fifth Third Bank.

The remaining amounts that the Court will consider in setting Kaiser's restitution amount are: (1) general corporate funds misappropriated by Kaiser; (2) payments to Kaiser's personal credit cards with corporate funds; (3) compensation and bonuses earned or given to Kaiser from 2006 to 2012; (4) a miscellaneous category including laundry, carpet, and moving expenses; and (5) amounts that Kaiser has already repaid. As to the first, the United States initially totaled the

amount of general corporate funds misappropriated by Kaiser at $157,308.[1] During the hearing the United States conceded that roughly $2,000 of that amount was not supported, reducing the figure to $155,308. Also during the hearing, Horn conceded that the amount of $1,585 Kaiser used to pay for a cruise constituted a loyalty bonus to another employee. This further reduces the amount to $153,723. The Court will therefore order Kaiser to pay $153,723 in restitution for general corporate funds he misappropriated.

The parties do not agree on the amount of restitution Kaiser owes due to payments he made on his personal credit cards with C&M corporate funds. (*Compare* Pl.'s Br. 3-4, *and* Def.'s Mem. 3). Chambers testified that Kaiser misappropriated $437,477; Kaiser argues that the United States has not provided support for $14,112 of that amount. (Def.'s Mem. 3). While the forensic accountant testified generally that Kaiser misappropriated $437,477 as payments made to his personal credit cards, he did not provide a detailed explanation of how he arrived at this amount. Absent a more detailed explanation of how Chambers arrived at the higher figure, the Court will order Kaiser to pay $423,364 ($437,476 minus the contested $14,112) in restitution for illegal payments he made on his personal credit cards.

The parties agree that Kaiser received $175,196 in unearned performance bonuses. (Pl.'s Br. 4-5; Def.'s Mem. 3). These bonuses were given based on documents falsifying the success of the business; as the United States argues, "the owner of C&M testified that Kaiser's bonuses were based on his fraudulent financial statements. Thus, an honest employee would not have received bonuses." (Pl.'s Br. 5). Kaiser argues that $10,000 represented a bonus he earned in 2010 by acquiring his MBA. (Def.'s Mem. 3). Horn confirmed the MBA bonus but testified that

---

[1] For the purpose of illustrating its calculations, the Court will use traditional rounding principles to round amounts to the nearest dollar. The final figure the Court sets as Kaiser's restitution amount, however, will be precise, not rounded.

4

it was conditioned upon Kaiser remaining employed with C&M for an additional five years, which did not happen due to the discovery of Kaiser's embezzlement. Nevertheless, Kaiser's receipt of this bonus was not obtained fraudulently as it is not contested that he did earn his MBA degree. This sum is not appropriately included as restitution, though C&M may still have a contractual right to recover the MBA bonus because Kaiser failed to satisfy the condition subsequent. The Court will therefore order Kaiser to pay $165,196 in restitution for unearned performance bonuses.

Chambers testified that he identified funds Kaiser misappropriated for laundry services, carpet, and moving expenses in the amount of $5,946. While Kaiser does not include this amount in his proposed restitution calculation (*see* Def.'s Mem. 3), he also makes no specific objection to this amount. The Court will therefore order Kaiser to pay $5,946 as restitution for misappropriated funds spent on laundry services, carpet, and moving expenses.

The United States represents in its brief that C&M paid a forensic accounting firm $10,950 to participate in the investigation and prosecution of Kaiser. (Pl.'s Br. 8). While Kaiser does not include this amount in his calculation of restitution, he also did not make a specific objection to that amount. (*See* Def.'s Mem. 3). Because this cost that was incurred by C&M due to Kaiser's malfeasance, the Court will order Kaiser to pay $10,950 as part of his restitution.

Finally, Kaiser claims a credit for restitution that he has already paid. Kaiser represents that he has paid Wells Fargo $81,532 representing an amount that Wells Fargo had previously paid to C&M, plus an additional sum of $54,000 he paid to Horn directly. (Def.'s Mem. 3). Kaiser also claims credit for $50,000 of insurance proceeds paid by Grange Insurance to C&M, but no explanation has been provided regarding why Kaiser should get the benefit of this third-

party payment. (Def.'s Mem. 3). Accordingly, the Court finds that Kaiser is entitled to a total credit of $135,532 against the gross amount of restitution owed.

Summarizing the foregoing, the Court calculates restitution owed as follows:

| | |
|---|---:|
| General Corporate Funds | $153,723.01 |
| Credit Card Payments | $423,364.33 |
| Unearned Bonuses | $165,196.00 |
| Laundry Services, Carpet, & Moving Expenses | $5,946.39 |
| Accounting Fees | $10,950.00 |
| Subtotal | $759,179.73 |
| Less Credit | ($135,532.00) |
| **Total Restitution Owed** | **$623,647.73** |

Thus, the Court concludes that Kaiser owes a total of $623,647.73 in restitution.

### III.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Kaiser is sentenced to pay as restitution to C&M Services of Kentucky, Inc. in the sum of $623,647.73. Further instructions regarding this judgment will be contained in the Amended Judgment entered contemporaneously with this Memorandum Opinion and Order.

**Greg N. Stivers, Judge**
**United States District Court**
April 12, 2016

cc:     counsel of record